IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS E. B.,[1]                           6:18-cv-02109-BR

       Plaintiff,                         OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

DREW L. JOHNSON
SHERWOOD J. REESE
Drew L. Johnson, P.C.
1700 Valley River Dr.
Eugene, OR  97401
(541) 434-6466

      Attorneys for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

    [1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**ALEXIS L. TOMA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2950

          Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Thomas E. B. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Disabled Adult Child (DAC) Insurance Benefits under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). On September 6, 2019, the Commissioner also filed a Motion (#17) to Remand with his responsive brief. The parties agree the Court should remand this matter, but they disagree on the purpose for remand.

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

## ADMINISTRATIVE HISTORY

### I.   Prior Proceedings

On March 7, 2005, Plaintiff protectively filed an application for Supplemental Security Income (SSI) benefits. Tr. 38, 78-80.[2]  Plaintiff alleged a disability onset date of March 7, 2005.  Plaintiff's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on August 14, 2007.  Tr. 850-87.  Plaintiff was represented by an attorney at the hearing.

On September 25, 2007, the ALJ issued an opinion in which he found Plaintiff was not disabled and, therefore, not entitled to benefits.  Tr. 38-46.  Plaintiff did not request review of this decision.

On October 15, 2010, Plaintiff reapplied for SSI benefits. Plaintiff alleged a disability onset date of January 1, 2007. Tr. 371.

On May 11, 2012, an ALJ issued an opinion without a hearing and concluded Plaintiff met the requirements for Listing 12.04

---

[2]  Citations to the official Transcript of Record (#11) filed by the Commissioner on May 17, 2019, are referred to as "Tr."

for bipolar disorder as of October 15, 2010, the date of his SSI application.  Tr. 370-75.  Accordingly, the ALJ found Plaintiff was disabled and awarded Plaintiff benefits starting from October 2010.  Tr. 375.

## II.  Current Proceedings

On June 29, 2015, Plaintiff protectively filed his application for DAC benefits.  Tr. 21, 377.  Plaintiff alleges a disability onset date of February 14, 1987, his date of birth.  Tr. 21, 377, 444.  Plaintiff's application was denied initially in November 2015 and on reconsideration in April 2016.  Tr. 21.  An ALJ held a hearing on May 1, 2018.  Tr. 888-915.  Plaintiff and a vocational expert (VE) testified at the hearing, and Plaintiff was represented by an attorney at the hearing.

On June 15, 2018, the ALJ issued an opinion in which he found Plaintiff was not disabled and, therefore, is not entitled to DAC benefits.  Tr. 21-29.  Plaintiff requested review by the Appeals Council.  On October 17, 2018, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 11-13.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On December 10, 2018, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

On July 11, 2019, Plaintiff filed his initial Brief (#16) in support of his challenge to the ALJ's determination.

On September 6, 2019, the Commissioner filed a Response (#17) and Motion to Remand this matter to the ALJ. The Commissioner concedes the ALJ erred and that his decision was not supported by substantial evidence in the record. The Commissioner, therefore, requests the court to remand this matter for further administrative proceedings. On September 12, 2019, Plaintiff filed a Reply (#18) and Response to the Commissioner's Motion to Remand and asserts the case should be remanded for an award of benefits. Accordingly, the issue before this Court is whether the Court should remand for further administrative proceedings or for an award of benefits.

## STANDARDS FOR REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the

evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

In *Triechler v. Commissioner of Social Security Administration* the Ninth Circuit indicated a remand for further administrative proceedings is "generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of

time."  775 F.3d 1090, 1101 (9th Cir. 2014)(citations and internal quotations omitted).  The court must "assess whether there are outstanding issues requiring resolution *before* considering" whether to credit evidence as true.  *Id.* at 1105 (emphasis in original).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since February 14, 1987, Plaintiff's alleged disability onset date.  Tr. 24.

At Step Two the ALJ found Plaintiff, prior to attaining age 22, has had the severe impairments of neurocognitive disorder, bipolar disorder, anxiety disorder, attention deficit disorder/attention deficit hyperactivity disorder (ADD/ADHD), and a history of substance abuse.  Tr. 24.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 24.  The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations:  can only understand, remember and carry out short, simple, routine job instructions

consistent with a reasoning level of 2 or less; can have only
occasional, superficial contact with coworkers and no contact
with the public; and can only work in a static work environment
with few changes in work routines and settings.  Tr. 25.

At Step Four the ALJ concluded Plaintiff cannot perform any
past relevant work.  Tr. 28.

At Step Five the ALJ found Plaintiff can perform other jobs
that exist in the national economy such as industrial cleaner,
dryer attendant, and laundry worker.  Tr. 29.  Accordingly, the
ALJ found Plaintiff is not disabled.  Tr. 29.


## DISCUSSION

As noted, the Commissioner concedes the ALJ's decision is
not supported by substantial evidence in the record, and the
parties agree the Court should remand this matter.  The
Commissioner contends the Court should remand this matter for
further administrative proceedings because the record does not
unambiguously establish Plaintiff is disabled, there are
outstanding evidentiary issues that must be resolved by the ALJ,
and further psychiatric testimony regarding Plaintiff's
limitations is necessary.  Plaintiff, however, contends the
Court should remand this matter for an award of benefits on the

grounds that there is not any outstanding issue that must be resolved and it is clear that the ALJ would be required to find Plaintiff was disabled during the relevant time if the current record is credited as true.

## I. There are not any outstanding evidentiary issues to be resolved on remand.

The Commissioner contends there are outstanding evidentiary issues regarding Plaintiff's limitations that must be resolved by the ALJ and that further psychiatric testimony is necessary. In addition, the Commissioner contends the ALJ must also analyze evidence of drug and alcohol abuse during the relevant period to resolve any discrepancy regarding the ALJ's subsequent 2015 SSI determination.

### A. Additional medical evidence is unnecessary.

Multiple treating and examining physicians have provided uncontradicted opinions regarding Plaintiff's mental impairments and clarified the limiting effects of those impairments for the period at issue. For example, in January 2011 Ryan Scott, Ph.D., an examining psychologist, found Plaintiff "has had longstanding psychological problems since childhood, which has [*sic*] interfered with his interpersonal academic and occupational performance." Tr. 842. In June 2011 Julie Redner, Ph.D., another examining psychologist, provided a

detailed overview of Plaintiff's symptoms back to 1999 showing
Plaintiff experienced "hyperactivity, impulsivity, and
destructive behavior beginning around kindergarten, with self-
injurious and suicidal statements beginning at age five."
Tr. 807.  Dr. Redner also found Plaintiff's "psychotic symptoms,
attentional problems, and behavioral disturbances clearly began
long before any substance abuse."  Tr. 801.  The Court notes the
ALJ who found Plaintiff disabled in May 2012 for SSI purposes
gave Dr. Redner's opinion "great weight" because Dr. Redner
"thoroughly review[ed] all of the records, and her opinion is
consistent with significant psychological testing she performed
and with the medical evidence of record as a whole."  Tr. 374.

The ALJ who found in June 2018 that Plaintiff is not
disabled declined to address the opinions of Drs. Redner and
Scott on the ground that their opinions were rendered after
Plaintiff's 22nd birthday and, therefore, outside of the
evaluative period.  Tr. 27.  Although Drs. Redner and Scott
rendered their opinions in 2011 after Plaintiff had turned 22
years old, their opinions were, in fact, based on a review of
Plaintiff's medical records dating back to 1999 and both
specifically pointed out that Plaintiff experienced his
limitations and impairments as early as age five.  Moreover, the

Commissioner does not identify any evidence in the record that contradicts the opinions of Drs. Redner and Scott regarding the childhood onset of Plaintiff's limitations and impairments.  In fact, the record reflects on June 6, 2006, during the applicable period, Dr. Brasted, a treating physician, reported:  Plaintiff "has [had] extensive and multiple assessments, both psychological and psychiatric, over the past many years"; "in about sixth grade, [Plaintiff] began to have wild mood swings including what he described as auditory and visual hallucinations"; and Plaintiff "did not do well" on Ritalin and "could not attend school."  Tr. 304-05.

The Commissioner also contends Plaintiff's use of drugs and alcohol magnified his symptoms and, therefore, further development of the record is necessary to determine the effects on Plaintiff's impairments.  Although Dr. Brasted found Plaintiff had many reported mental impairments in his past medical records, the Commissioner points to only the June and July 2006 records that indicate Plaintiff was not disabled during this time because he had not been smoking marijuana.  Def.'s Brief (#17) at 5 (referencing Tr. 304-07).  The record, however, reflects just two months later Dr. Brasted noted Plaintiff was "more depressed" and stated there was "also

evidence of attention deficit hyperactivity disorder and
anxiety." Tr. 299. The Ninth Circuit has pointed out the fact
that a person suffering from a mental impairment makes some
improvement "does not mean that the person's impairment no
longer affect[s] [his] ability to function in the workplace."
*Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

Although the Commissioner concedes the ALJ failed to
provide legally sufficient reasons supported by substantial
evidence in the record for disregarding the opinions of the
various doctors, the Commissioner, nevertheless, contends it
would be "helpful" for the ALJ to conduct further administrative
proceedings to obtain additional psychiatric testimony. The
Ninth Circuit, however, has noted:

> Although the Commissioner argues that further
> proceedings would serve the "useful purpose" of
> allowing the ALJ to revisit medical opinions and
> testimony that she rejected for legally
> insufficient reasons, our precedent and the
> objectives of the credit-as-true rule foreclose
> the argument that a remand for the purposes of
> allowing the ALJ to have a mulligan qualifies as
> a remand for a "useful purpose" under the first
> part of credit-as-true analysis.

*Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Based on this record the Court concludes the ALJ did
not provide legally sufficient reasons based on substantial
evidence in the record for disregarding the opinions of

Drs. Redner, Scott, and Brasted; there are not any outstanding
medical issues that need to be resolved; and it would not serve
any useful purpose to remand this matter for further
proceedings.

**B.    Prior SSI decision is not "new evidence."**

As noted, Plaintiff earlier applied for SSI benefits
on October 15, 2010.  Plaintiff alleged a disability onset date
of January 1, 2007, in his application.  On May 11, 2012, the
ALJ in that matter issued a decision in Plaintiff's favor, but
she only found Plaintiff was disabled beginning October 15,
2010, which was the date he applied for SSI benefits.  The ALJ
did not make a finding as to whether Plaintiff was disabled
before October 15, 2010, and merely stated there was a "material
change in the severity of [Plaintiff's] condition" after
September 2007.  Tr. 371-75.  The ALJ pointed out that SSI
benefits do not become payable until the month after the
application is filed and that an earlier onset date would not
affect "the amount of [SSI] benefits [Plaintiff] may be eligible
to receive."

On June 29, 2015, Plaintiff filed this application
for DAC benefits.  Plaintiff alleged a disability onset date of
February 14, 1987, which is his date of birth.  The alleged

period of disability for DAC benefits began on his date of birth
to February 13, 2009, the day before he turned 22 years old.
*See* 20 C.F.R. §§ 404.350(a)(5), 404.1520(g).  On June 15, 2018,
the ALJ here made the determination that Plaintiff was not
disabled and not entitled to DAC benefits for this period.

The Commissioner contends there is a conflict
regarding the current ALJ's denial of DAC benefits for the
disability period that ended on February 13, 2009, and the
disability onset date of October 15, 2010, found by the ALJ in
the prior SSI decision.  Thus, the Commissioner contends the
Court should remand this case for further proceedings to examine
new evidence regarding the existence of Plaintiff's disability
between February 13, 2009, and October 10, 2015.

The Commissioner relies on *Luna v. Astrue*, 623 F.3d
1032 (9th Cir. 2010), to support his argument for remand.  In
*Luna* the ALJ found the plaintiff was not disabled and denied her
application for benefits.  The plaintiff appealed to the
district court.  While that denial was still pending review
before the district court, the plaintiff filed a second
application for benefits, which the Commissioner allowed.  In
the second application the Commissioner determined the
plaintiff's "disability onset date" to be "the day after her

first application was denied." *Id.* at 1033. The district court

remanded the case to the Commissioner for further administrative

proceedings to reconcile the Commissioner's initial denial of

benefits on the first application with the Commissioner's later

award of benefits. The plaintiff argued the proper remedy

should have been a remand for payment of benefits for the period

relevant to her first application based on the Commissioner's

subsequent disability finding. The Ninth Circuit affirmed the

remand for further administrative proceedings and held there was

a "'reasonable possibility' that the subsequent grant of

benefits was based on new evidence not considered by the ALJ as

part of the first application." *Id.* at 1035. The court noted

there was "only one day between the denial of [the plaintiff's]

first application and the disability onset date specified in the

award for her successful second application, but she may have

presented different medical evidence to support the two

applications, or there might be some reason to explain the

change." *Id.* at 1035.

Here Plaintiff points out that the award of SSI

benefits was made in 2012, which is more than three years before

he filed his DAC claim in 2015, and, therefore, the evidence

supporting that earlier SSI application was included in

Plaintiff's subsequent DAC claim; *i.e.*, there is "no new evidence" for the ALJ to consider.

In light of the fact that Plaintiff was awarded SSI benefits in 2012 (three years before he filed for DAC benefits in 2015) and the records from the SSI application were included in Plaintiff's DAC claim, there is "no new evidence" from a "subsequent grant of benefits" for the ALJ to consider. Thus, the Court finds the SSI award was not based on an onset date "in immediate proximity to an earlier denial of benefits."

On this record the Court concludes there is not any "new evidence" the ALJ would be required to consider in order to determine whether Plaintiff was disabled before February 2009. Accordingly, the Court concludes there are not any outstanding issues that must be resolved before a determination of disability can be made as to Plaintiff's DAC claim.

**II.  When the medical evidence is credited as true, the ALJ would be required to find that the Plaintiff is disabled.**

When "the Commissioner fails to provide adequate reasons for rejecting the treating physician's opinion, we credit that opinion as a matter of law." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). *See also Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir. 1998)("We do not remand this case for further proceedings because it is clear from the administrative record

that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

Here Dr. Brasted described "a long history of psychological symptoms related to bipolar disorder" and "large mood swings" beginning in the sixth grade when Plaintiff described "auditory and visual hallucinations." Tr. 304-307A. Dr. Redner noted "hyperactivity, impulsivity, and destructive behavior beginning around kindergarten, with self-injurious and suicidal statements beginning at age five." Tr. 807. E. Gene Stubbs, M.D., a treating psychiatrist, noted in March 2001 that Plaintiff was diagnosed with Bipolar Affective Disorder in addition to ADHD and medications were not controlling his symptoms well enough for him to attend regular school. Tr. 213. Plaintiff also has an extensive history of treatment with psychologists and psychiatrists for mental-health disorders dating back to 2000. Pl.'s Brief (#16) at 9.

On January 20, 2011, Ryan Scott, Ph.D., examined Plaintiff regarding issues of bipolar disorder, spectrum autism, ADHD, and a "learning disability." Tr. 838-43. Dr. Scott found Plaintiff "has had extensive psychological and psychiatric assessments

going back to childhood," "his behavior continues to be oppositional and difficult in spite of [treatment] efforts and therapies," and "he depends on other for living skills, shelter, and basic needs." Tr. 838-39, 925-27. Dr. Scott concluded Plaintiff "has had longstanding psychological problems since childhood, which had interfered with his interpersonal, academic and occupational performance." Tr. 842.

Dr. Dorothy Anderson, Ph.D., a state-agency reviewing psychologist, indicated in a Residual Functional Capacity evaluation for the period from January 2005 to February 2009 that Plaintiff's "ability to maintain concentration for extended periods" was "markedly limited." Tr. 384.

The parties concede the ALJ erred when he rejected the opinions of the treating and examining physicians and did not provide legally sufficient reasons supported by substantial evidence in the record for doing so. The Court has also concluded there are not any outstanding issues or "significant factual conflicts in the record." *See Treichler*, 775 F.3d at 1104.

On this record the Court finds the ALJ would be required to find on remand that Plaintiff was disabled prior to his 22nd birthday after crediting as true the opinions of Plaintiff's

mental-health providers.  As a result, the record reflects

Plaintiff would be unable to perform work on a regular and

continuing basis.  See SSR 96-8p ("A 'regular and continuing

basis' means 8 hours a day, for 5 days a week, or an equivalent

work schedule.").

When each of the credit-as-true factors is satisfied, only

in "rare instances" does the record as a whole leave "serious

doubt as to whether the claimant is actually disabled."  *Revels*,

874 F.3d at 668 n.8 (citing *Garrison*, 759 F.3d at 1021).  The

Court does not find this case to be one of those "rare

instances."  Thus, the Court concludes "it is clear from the

administrative record that [Plaintiff] is entitled to benefits,"

and, therefore, "no useful purpose" would be served by further

administrative proceedings.  *See Reddick*, 157 F.3d at 729.

## <u>CONCLUSION</u>

For these reasons the Court **REVERSES** the decision of the

Commissioner and **REMANDS** this matter pursuant to sentence four

of 42 U.S.C. § 405(g) for the immediate calculation and

award of benefits.

IT IS SO ORDERED.

DATED this 12th day of November, 2019.


                                    s/Anna J. Brown
                                    ANNA J. BROWN
                                    United States Senior District Judge